IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02792-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 0 4 2009

GREGORY C. LANGHAM
CLERK

EFREM B. MARTIN, and
MARTIN PARALEGAL SERVICES LLC,

    Plaintiffs,

v.

COLORADO SUPREME COURT, ATTORNEY REGULATION COUNSEL,
    ATTORNEYS' FUND FOR CLIENT PROTECTION, UNAUTHORIZED
    PRACTICE OF LAW, A State of Colorado Agency,
JOHN S. GLEASON,
NANCY L. COHEN,
JAMES C. COYLE,
STEPHEN R. FATZINGER,
LISA E. FRANKEL,
MARGARET B. FUNK,
LUAIN T. HENSEL,
KIM E. IKELER,
CYNTHIA D. MARES,
APRIL M. McMURREY,
CHARLES E. MORTIMER JR.,
MATTHEW A. SAMUELSON,
LOUISE CULBERSON-SMITH, and
JAMES S. SUDLER,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Efrem B. Martin, initiated this action by filing a *pro se* Complaint pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988 and 28 U.S.C. § 1343 on December 1, 2009. Mr. Martin was granted leave to proceed pursuant to 28 U.S.C. § 1915 by order

1

dated December 1, 2009.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.* Under Section 1983, a plaintiff must allege that the defendants have violated his or her rights under the United States Constitution while the defendants acted under color of state law. For the reasons stated below, Mr. Martin will be directed to file an amended complaint.

As a preliminary matter, Plaintiff Martin Paralegal Services, LLC is not a proper party this action. According to the Complaint, Martin Paralegal Services, LLC is a limited liability company located in Denver, that is owned by Mr. Martin. However, Martin Paralegal Services, LLC may not appear in federal court unless it is represented by a licensed attorney. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993).

In the Complaint, Mr. Martin asserts three claims. He alleges that his First and Fourteenth Amendment rights have been violated, because he is currently under investigation for the unauthorized practice of law by Defendants Colorado Supreme Court and Attorney Regulation Counsel. He also alleges that many of his rights

2

pursuant to the Constitution of the State of Colorado have also been violated. Nonetheless, he fails to assert how each named Defendant violated his constitutional rights.

Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). *Id.* Mr. Martin must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Martin fails to assert how Defendants personally participated in the alleged constitutional violations. Therefore, he will be directed to file an Amended Complaint that alleges how all named Defendants personally participated in the alleged constitutional violations. The Amended "[C]omplaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Martin may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Martin uses fictitious names he must provide sufficient information about each

defendant so that each defendant can be identified for purposes of service.

Finally, Mr. Martin also may not sue Defendant Colorado Supreme Court, Attorney Regulation Counsel, Attorney's Fund for Client Protection, Unauthorized Practice of Law, A State of Colorado Agency. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

Accordingly, it is

ORDERED that Plaintiff, Efrem B. Martin, file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that it shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Martin, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Complaint. It is

FURTHER ORDERED that, if Mr. Martin fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED December 4, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02792-BNB

Efreem B. Martin
2015 York St.
Denver, CO 80205

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on __12/4/09__

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk