IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02792-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 5 2010

GREGORY C. LANGHAM
CLERK

EFREM B. MARTIN,

    Plaintiff,

v.

COLORADO SUPREME COURT, ATTORNEY REGULATION COUNSEL,
    ATTORNEYS' FUND FOR CLIENT PROTECTION, UNAUTHORIZED
    PRACTICE OF LAW, A State of Colorado Agency,

    Defendant.

---

## ORDER FOR SUMMARY REMAND

---

Plaintiff, Efrem B. Martin, filed a *pro se* second amended civil rights complaint

pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 2202.  As relief Mr. Martin

asks for declaratory relief and money damages.  He has been granted leave to proceed

pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.

The Court must construe the second amended complaint liberally because Mr.

Martin is representing himself.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972);

**Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not

be an advocate for a *pro se* litigant.  **Hall**, 935 F.2d at 1110.  The Court will summarily

remand the second amended complaint and the action for the reasons stated below.

Mr. Martin alleges that he is currently being investigated by Defendant Colorado

Supreme Court for the unauthorized practice of law (hereinafter "UPL").  Second

Amended Complaint at 2.  He further alleges that he has been ordered to appear at a

deposition and to "give testimony to incriminate [himself] . . . and [has] also received a

Subpoena Duces Tecum to produce customer list, records of payments, files and

records." *Id.* at 3.  He alleges that the UPL investigation violates his right to due

process, right to equal protection, right to be free from unreasonable searches and

seizures, and right against self-incrimination. *Id.* at 3-14.  He further alleges that the

UPL rules are unconstitutionally vague. *Id.* at 14-15.  On December 11, 2009, Mr.

Martin filed a Notice of Removal that purported to remove the UPL investigation to this

Court, pursuant to 28 U.S.C. §§ 1441 and 1446.

A defendant in a state civil action may remove it to federal district court if original

federal jurisdiction exists.  28 U.S.C. § 1441(a).  "[R]emoval is reserved for those cases

'that originally could have been filed in federal court.'" *Hunt v. Lamb*, 427 F.3d 725, 726

(10th Cir. 2005) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

"'This jurisdictional prerequisite to removal is an absolute, non-waivable requirement.'"

*Id.* (quoting *Brown v. Francis*, 75 F.3d 860, 864 (3d. Cir. 1996)).  When the assertion

of removal jurisdiction is based on federal question, the court generally relies on the

"well-pleaded complaint rule," that is, an action arises under federal law "only when a

federal question is presented on the face of the plaintiff's properly pleaded complaint."

*Caterpillar, Inc.*, 482 U.S. at 386 (citation omitted).

Upon review of the notice of removal and the second amended complaint filed in

this action, the Court finds that it lacks subject matter jurisdiction over Mr. Martin's

claims.  Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court

must dismiss an action if the Court lacks subject matter jurisdiction.  The issue of

subject matter jurisdiction may be raised *sua sponte* by the Court at any time during

the course of the proceedings.  *See McAlester v. United Air Lines, Inc.*, 851 F.2d

1249, 1252 (10th Cir. 1988).  "The party seeking to invoke the jurisdiction of a federal

court must demonstrate that the case is within the court's jurisdiction." *United States*

*v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

Mr. Martin's notice of removal plainly seeks to remove to this Court the UPL

investigation into his paralegal practice initiated by the Colorado Supreme Court.

However, it is well established that the unauthorized practice of law is a matter solely

committed to the jurisdiction of the state courts.  *See, e.g., Doyle v. Oklahoma Bar*

*Ass'n*, 998 F.2d 1559, 1569 n. 6 (10th Cir. 1993) (noting that "[t]he regulation of the

practice of law is a state matter.") (citation omitted); *New Mexico ex rel. Stein v. W.*

*Estate Servs., Inc.*, 139 Fed. Appx. 37, 38 (10th Cir. June 29, 2005) (unpublished

decision) (finding that an action to enjoin the unauthorized practice of law did not fall

within the district court's federal question jurisdiction).  "Article VI of the Colorado

Constitution grants the Colorado Supreme Court jurisdiction to regulate and control the

practice of law in Colorado to protect the public." *Smith v. Mullarkey*, 121 P.3d 890,

891 (Colo. 2005) (citations omitted).  Moreover, "Colorado law prohibits the

unauthorized practice of law, *i.e.*, the practice of law by a person who is not a licensed

attorney in good standing with the State Bar." *People v. Shell*, 148 P.3d 162, 170

(Colo. 2006).  Furthermore, the Colorado Supreme Court has held that its jurisdiction to

regulate and control the practice of law in Colorado "is exclusive." *Mullarkey*, 121 P.3d

at 891 (citing *People v. Buckles*, 167 Colo. 64, 67 (Colo. 1968); **Denver Bar Ass'n v. Pub. Utilities Comm'n**, 154 Colo. 273, 277 (Colo. 1964)); **see also Shell**, 148 P.3d at 170 (recognizing that the Colorado Supreme Court "has the exclusive authority to punish the unauthorized practice of law with contempt").

Finally, a case may not be removed to federal court on the basis of a federal defense, including any relevant constitutional defenses. **See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.**, 535 U.S. 826, 831 (2002) (neither a federal defense nor counterclaim can "serve as the basis for 'arising under' jurisdiction"). Mr. Martin's purported constitutional counterclaims do not create federal question jurisdiction.

Further, Magistrate Judge Boland previously informed Mr. Martin that he may not sue Defendant Colorado Supreme Court, Attorney Regulation Counsel, Attorney's Fund for Client Protection, Unauthorized Practice of Law, A State of Colorado Agency. This is because the State of Colorado and its entities are protected by Eleventh Amendment immunity. **See Will v. Michigan Dep't of State Police**, 491 U.S. 58, 66 (1989); **Meade v. Grubbs**, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." **Ramirez v. Oklahoma Dep't of Mental Health**, 41 F.3d 584, 588 (10th Cir. 1994), **overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.**, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, **see**

4

*Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional

enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see*

*Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).  The Eleventh Amendment applies to

all suits against the state and its agencies, regardless of the relief sought.  *See*

*Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

Accordingly, for the reasons set forth above, the Court finds that this action is properly

remanded for lack of subject matter jurisdiction in federal court.

In the alternative, the Court also finds that it should abstain from exercising

jurisdiction over this action pursuant to *Younger v. Harris*, 401 U.S. 37, 44 (1971).

Pursuant to *Younger*, federal courts must refrain from interfering in ongoing state court

proceedings in the absence of extraordinary circumstances.  *See Morrow v. Winslow*,

94 F.3d 1386, 1393 (10th Cir. 1996).  Abstention under *Younger* is appropriate when

three conditions are met:

> First, there must be ongoing state criminal, civil, or administrative proceedings.  Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit.  Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997).

In the instant action, all three of these conditions are met.  First, Mr. Martin is

involved in a state civil proceeding that is ongoing and judicial in nature, as evidenced

by the UPL documents filed by Mr. Martin.  Second, Mr. Martin has not demonstrated

that the state court is not an adequate forum to hear his constitutional challenges to the

5

investigation for alleged unauthorized practice of law. *See Chapman v. Oklahoma*,

472 F.3d 747, 749 (10th Cir. 2006) (citing *Joseph A. ex. rel. v. Ingram*, 275 F.3d 1253,

1274 (10th Cir. 2002) (holding that *Younger* abstention cannot be avoided by purported

class action as long as individual relief can be provided by state court)). Finally, the

investigation of Mr. Martin's alleged unauthorized practice of law implicates a matter of

paramount state interest. *See Middlesex Ethics Comm. v. Garden State Bar Ass'n*,

457 U.S. 423, 434 (1982) (finding that "[s]tates traditionally have exercised extensive

control over the professional conduct of attorneys."). Moreover, as previously set forth

above, regulation and control of the practice of law in Colorado is within the exclusive

jurisdiction of the Colorado Supreme Court. *See, e.g., Mullarkey*, 121 P.3d at 891.

The state's interest is further demonstrated by the fact that the Attorney Regulation

Counsel and the Colorado Supreme Court are named as Defendants in this action.

Therefore, even if the Court had subject matter jurisdiction over this matter, it would

abstain from exercising jurisdiction pursuant to *Younger*. Accordingly, it is

ORDERED that this action is remanded summarily to the Colorado Office of

Attorney Regulation Counsel and the Unauthorized Practice of Law Committee of the

Colorado Supreme Court. It is

FURTHER ORDERED that the Clerk of this Court shall mail a certified copy of this Order to the Colorado Office of Attorney Regulation Counsel and the Unauthorized Practice of Law Committee of the Colorado Supreme Court at 1560 Broadway #1800 Denver, Colorado 80202.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 25 day of JANUARY , 2010.

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02792-BNB

Efreem B. Martin
2015 York St.
Denver, CO 80205

Attorney Regulation Counsel and the  - **CERTIFIED**
Unauthorized Practice of Law Committee
of the Colorado Supreme Court
1560 Broadway #1800
Denver, CO 80202


      I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/25/10

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk